IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CEDRIC KING** **PLAINTIFF**

**v.** **No. 4:06CV77-P-A**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Cedric King (# R0808), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that the defendants have violated his rights in thirteen different ways, but he does not set forth any facts, times, places, or circumstances to support his bare allegations. These claims are insufficient as a matter of law. As such, the plaintiff must submit an amended complaint setting forth the *facts* necessary to permit the court to analyze the claims and, later, to put the defendants on notice of those claims. At a minimum, the plaintiff must set forth the date of the incidents and the actions or inactions of the defendants giving rise to the plaintiff's claims.

In addition, to the extent the plaintiff has attempted to assert claims on behalf of other inmates, those claims shall be dismissed because "a section 1983 complaint must be based upon the violation of [a] plaintiff's personal rights, and not upon the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted), *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986).

Finally, the plaintiff must seek equitable relief for his general claims of unconstitutional prison conditions in *Gates v. Collier*, 4:71CV-6-JAD.

> [S]eparate individual suits may not be maintained for equitable relief from
> allegedly unconstitutional . . . prison conditions. To allow individual suits would

> interfere with the orderly administration of the class action and risk inconsistent adjudications. Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action.

*Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988).

*Gates* is an ongoing class action in which numerous orders and decrees have been entered governing a wide range of conditions within the Mississippi Department of Corrections. While much of the court supervision of the Mississippi Department of Corrections has been curtailed, *Gates* is still an active case on the court's docket. Although the state facilities portion of *Gates* was placed on the "inactive" docket by an order dated October 17, 1990, that does not mean that the case is closed. This court has, however, held that

> the rule of *Gillespie v. Crawford*, 858 F.2d 1101 (5th Cir. 1998) (individual prisoner equitable and declaratory claims must be asserted through class counsel) will continue to apply in this case with respect to prisoners in state-owned, state-operated, and private-company-contracted facilities . . . .

*Gates v. Collier*, No. 4:71CV-6-JAD (N.D. Miss. Feb. 2, 1998) (amendatory order finally dismissing state corrections facilities).

The plaintiff's claims for injunctive relief shall therefore be dismissed from this action because the claims deal with the general conditions of confinement at the institution. The plaintiff may seek action on his claims by contacting Ronald Reid Welch, Esq., plaintiff class attorney, P. O. Box 4589, Jackson, Mississippi 39216. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 24th day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE